**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALIKI MARITIME INC.<br><br>Plaintiff,<br><br>v.<br><br>IMPERIAL CHARTERING AND ANCILLARY SERVICES PVT LTD.<br><br>Defendant,<br><br>ADITYA BIRLA GLOBAL TRADING (USA), INC., ADITYA BIRLA GLOBAL TRADINGS (AMERICA) INC. and PUBLIC DOMAIN, LTD.,<br><br>Garnishees. | ) | CIVIL ACTION NO.:<br><br>IN ADMIRALTY |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF**
**PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Aliki Maritime Inc. (the "Owners"), owner of the M/V CAPTAINYANNIS L (IMO No. 9343546) (the "Vessel"), brings this verified complaint against Defendant Imperial Chartering and Ancillary Services Pvt Ltd ("Imperial" or the "Charterers"), *quasi in rem*, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and seeks issuance of process of maritime attachment and garnishment upon the Garnishees identified herein. Owners state as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h). Owners further bring this action pursuant to 9 U.S.C. §§ 1 and 8 to obtain security in aid of London maritime arbitration demanded by Owners against Charterers pursuant to the parties' maritime time Charter Party.

2. Venue is proper in this District because, upon information and belief, one or more Garnishees are found within this District and are in possession of, or reasonably believed to possess, property of Charterers subject to maritime attachment. Owners seek attachment only of property properly subject to Supplemental Rule B.

3. Charterers cannot be found within this District within the meaning of Supplemental Rule B. Upon information and belief, Charterers have no office, general or managing agent, officer, employee, or other agent authorized to accept service of process in this District and have no principal place of business in Delaware.

**Parties and Garnishees**

4. Plaintiff Aliki Maritime Inc. is a Marshall Islands corporation and the owner of the M/V CAPTAINYANNIS L, a bulk carrier bearing IMO No. 9343546.

5. Defendant Imperial Chartering and Ancillary Services Pvt Ltd is, upon information and belief, an India corporation engaged in the business of chartering and arranging the ocean transportation of bulk cargoes and is the Charterer under the Charter Party described below.

6. Upon information and belief, Charterers are organized and have their principal place of business outside Delaware and outside this District.

7. Garnishee Aditya Birla Global Trading (USA) Inc., upon information and belief is a Delaware corporation and has been or is a counterparty of Charterers and may be indebted to Charterers or may possess or control credits, contractual rights, accounts payable, funds, or other tangible or intangible property of Charterers subject to maritime attachment under Supplemental Rule B.

8. Garnishee Aditya Birla Global Trading (America) Inc., upon information and belief is a Delaware corporation and has been or is a counterparty of Charterers and may be indebted to

Charterers or may possess or control credits, contractual rights, accounts payable, funds, or other tangible or intangible property of Charterers subject to maritime attachment under Supplemental Rule B.

9. Garnishee Public Domain, Ltd. ("Public Domain"), upon information and belief, is a Delaware corporation associated with and/or operating the publicdomains.com domain and services through which Charterers maintain their website. By reason of that ongoing commercial relationship, Owners reasonably believe that Public Domain may be indebted to Charterers or may possess or control credits, contractual rights, accounts, funds, or other tangible or intangible property of Charterers subject to maritime attachment under Supplemental Rule B.

10. Owners reasonably believe that one or more Garnishees identified in this Complaint are or may become indebted to Charterers, or possess, control, or hold property of Charterers, during the pendency of this action, which property is subject to maritime attachment pursuant to Supplemental Rule B.

## Facts

11. By a fixture recap dated April 26, 2026 (the "Fixture Recap"), Owners chartered the Vessel to Charterers for a trip time charter on an amended NYPE 1946 form (the "Charter Party").

12. The Charter Party incorporated the terms and conditions of the M/V GLOBE CLEOPATRA Charter Party and the additional clauses contained therein, as provided in the Fixture Recap.

13. The Charter Party provides for London maritime arbitration. Owners demanded London maritime arbitration pursuant to the Charter Party, including Clauses 17, 48 and 67 of the incorporated M/V GLOBE CLEOPATRA Charter Party terms.

14. At the time of fixing and throughout the relevant period, the Vessel's certificates as presented and provided to Charterers were valid and in full compliance with applicable regulations and international conventions.

15. Charterers have alleged or suggested difficulties in obtaining approvals for the Vessel's coastal trade. Owners deny responsibility for any consequences arising from such alleged approval difficulties and contend that such matters were for Charterers' account under the Charter Party.

16. The Charter Party also requires Charterers to pay for all bunkering of the Vessel, however, Charterers failed to pay for bunkering in the approximate cost of $210,000.

17. Charterers have failed to pay hire and other sums due under the Charter Party. As of the date relevant to this Complaint, the unpaid balance of hire claimed by Owners is at least $332,856.95, exclusive of additional recoverable interest, costs, expenses and damages except as separately stated below.

**Damage at Sanghi - May 4, 2026**

18. On May 4, 2026, while the Vessel was at Sanghi anchorage, India, the cargo barge SHATIXA II approached the Vessel in connection with cargo operations. The barge reportedly lost engine propulsion while maneuvering and thereafter made contact with the Vessel's port side.

19. The contact caused damage to the Vessel, including scratches and denting of hull shell plating in the amount of at least $11,262.77 ($4,579 repairs, survey cost $3,181.28, local correspondent cost $1,058, class surveyors $2,094.49 and $350) in respect of the Sanghi damage.

20. Clause 60 of the Charter Party places upon Charterers responsibility for time, costs, losses, expenses and damages arising out of ship-to-ship ("STS") operations. To the extent the Sanghi casualty arose from or in connection with STS or barge cargo operations ordered or arranged by Charterers, Charterers are liable for Owners' resulting losses.

21. Further and/or alternatively, Clause 31 of the Charter Party requires Charterers to indemnify Owners for damage and/or consequences arising out of navigational risks at places or ports of call, and Charterers are liable on that basis for losses arising from the Sanghi casualty.

**Specific Allegations - Garnishees**

22. Upon information and belief, Aditya Birla Global Trading (USA) Inc. has done business with Charterers and presently possesses or controls, or during the pendency of this action may possess or control, property of Charterers including accounts payable, debts, credits, contractual rights, funds, accounts, or other tangible or intangible property subject to maritime attachment under Supplemental Rule B.

23. Upon information and belief, Aditya Birla Global Trading (America) Inc. has done business with Charterers and presently possesses or controls, or during the pendency of this action may possess or control, property of Charterers including accounts payable, debts, credits, contractual rights, funds, accounts, or other tangible or intangible property subject to maritime attachment under Supplemental Rule B.

24. Upon information and belief, Public Domain, Ltd. is associated with and/or operating publicdomains.com, through which Charterers maintain their website. Owners reasonably believe that, in connection with that commercial relationship, Public Domain presently possesses or controls, or during the pendency of this action may possess or control, property of Charterers including debts, credits, contractual rights, accounts, funds, or other tangible or intangible property subject to maritime attachment pursuant to Supplemental Rule B.

25. Owners therefore reasonably believe that each Garnishee identified above, including Aditya Birla Global Trading (USA) Inc., Aditya Birla Global Trading (America) Inc., and Public Domain, Ltd., is or may be indebted to Charterers or possess, control, or hold property of Charterers subject to maritime attachment pursuant to Supplemental Rule B.

**Count I - Breach of Maritime Contract**

26. Owners repeat and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

27. The Charter Party is a maritime contract. Owners performed their obligations under the Charter Party or were excused from any performance alleged otherwise by Charterers.

28. Charterers breached the Charterparty by, among other things, failing to pay hire and other amounts due and by failing to indemnify and hold Owners harmless for losses allocated to Charterers under the Charterparty in connection with the Sangha and Dehej casualties.

29. Owners have sustained damages as a result of Charterers' breaches. Those damages are the subject of London maritime arbitration. Owners seek security in this action by attachment of Charterers' property in the hands of Garnishees, up to the Security Amount, without prejudice to Owners' right in arbitration to amend, increase, decrease or otherwise establish their damages.

**Count II - Process of Maritime Attachment and Garnishment (Supplemental Rule B)**

30. Owners repeat and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

31. Owners have a valid prima facie admiralty claim against Charterers and are entitled to seek maritime attachment and garnishment to obtain security for claims to be determined in the London arbitration.

32. Charterers cannot be found within this District within the meaning of Supplemental Rule B.

33. Upon information and belief, Charterers have, or will have during the pendency of this action, tangible and/or intangible property within this District consisting of debts, credits, funds, accounts, contractual rights, accounts payable, electronic funds and/or other property owed to or held

for Charterers and in the hands of one or more Garnishees in this District, including the Garnishees identified in this Complaint.

34. Owners therefore respectfully request that this Court authorize issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, up to the Security Amount.

## Prayer for Relief

WHEREFORE, Owners pray:

A. That, because Charterers cannot be found within this District, and pursuant to Supplemental Rule B, this Court enter an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to garnish and attach property of Charterers, including but not limited to accounts payable, debts, credits, funds, contractual rights, or other property owed or to be owed by Garnishees to Charterers, up to at least **$444,119.72** (unpaid charter hire and other charter obligations of $332,856.95, $11,262.77 damages and related costs and at least $100,000 for accrued and accruing interest, attorneys fees and arbitrators' expenses and related costs) (the "Security Amount");

B. That the Process provide for attachment of all tangible or intangible property of Charterers held by any Garnishee, up to the Security Amount;

C. That any person claiming an interest in property attached by such Process be cited to appear and answer the matters alleged in this Verified Complaint as provided by Supplemental Rule B;

D. That a person over 18 years of age be appointed, as appropriate and as separately moved for, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c), to serve Process of Maritime Attachment and Garnishment;

E. That the attached property be held as security for the claims asserted by Owners in the London arbitration, subject to further order of this Court and any application to recognize or enforce a final arbitral award under applicable law; and

F. That this Court award Owners such other and further relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT
& TAYLOR LLP

*/s/ Timothy Jay Houseal*
Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

.

OF COUNSEL

J. Stephen Simms
Thomas M. Brown
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, MD 21030
(410) 783-5795
jssimms@simmsshowers.com
tmbrown@simmsshowers.com

*Attorneys for Aliki Maritime Inc.*

Dated: September 21, 2026

**VERIFICATION**

I, J. Stephen Simms, Counsel for Aliki Maritime Inc. and am authorized to make this verification on Owners' behalf. The facts alleged in the foregoing Verified Complaint are true and correct to the best of my knowledge and information, based upon Owners' records and other information available to me. I further state that, for purposes of Supplemental Rule B, reasonable inquiry has been made concerning whether Defendant Imperial Chartering and Ancillary Services Pvt Ltd can be found within this District, and no general or resident agent authorized to accept service of process for Defendant in this District has been identified.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2026.

*/s/ J. Stephen Simms*
J. Stephen Simms
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com